## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:11-CR-3111 |
| vs. | ORDER |
| RUDOLPH DELEON, | |
| Defendant. | |

This matter is before the Court on correspondence from the defendant that the Court has construed and filed as a motion to extend (filing 91). The Court will deny the motion because it is premature, but will do so without prejudice to the defendant reasserting a request for an extension should it become necessary for him to do so.

The defendant's letter asks the Court to extend the 1-year period of limitation for filing a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. A § 2255 motion must generally be filed within 1 year from "the date on which the judgment of conviction becomes final." § 2255(f)(1). The Court entered its judgment of conviction (filing 85) on October 24, 2012, and because the defendant did not file a direct appeal, his conviction became final when the 14-day period for filing a notice of appeal expired. Fed. R. App. P. 4(b)(1)(A); *Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008). Thus, the defendant's conviction became final on November 7, 2012, and the 1-year limitation period from the judgment of conviction will expire on November 7, 2013. *See*, *United States v. Martin*, 408 F.3d 1089, 1090 (8th Cir. 2005); *United States v. Hurst*, 322 F.3d 1256 (10th Cir. 2003); *see also Haroutunian v. I.N.S.*, 87 F.3d 374, 377 (9th Cir. 1996).

But that is not the only way in which the 1-year period of limitation can be calculated. The limitation period runs from the *latest* of

**(1)** the date on which the judgment of conviction becomes final;

**(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

**(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f) (emphasis in original). So, if the defendant's § 2255 motion were to be impeded by an unconstitutional or unlawful government action, or based on a newly recognized constitutional right, or supported by facts that could not have been discovered until after the judgment of conviction became final, then it is possible that the motion *might* be timely even if filed after November 7, 2013. But the Court cannot make that determination without knowing the basis of the defendant's § 2255 motion.

Furthermore, when *extraordinary circumstances beyond a petitioner's control* prevent a timely filing, equitable tolling of the 1-year limitation period may be appropriate. *Byers v. United States*, 561 F.3d 832, 835-37 (8th Cir. 2009); *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006). But that is "an exceedingly narrow window of relief" and requires proof that the petitioner has been pursuing his rights diligently and some extraordinary circumstances stood in his way. *Deroo v. United States*, 709 F.3d 1242, 1246 (8th Cir. 2013). The defendant explains that he has been moved from prison to prison and has not been allowed to bring his legal documents with him from place to place. Filing 91. Such circumstances *might* be found to warrant equitable tolling. *See Soloman v. United States*, 467 F.3d 928, 933-35 (6th Cir. 2006). On the other hand, they might not. *See*, *United States v. Cooper*, 891 F. Supp. 2d 1071, 1075-76 (D. Neb. 2012); *Mathison v. United States*, 648 F. Supp. 2d 106, 112 (D.D.C. 2009); *cf. Anjulo-Lopez*, 541 F.3d at 817-18. And again, it is impossible to tell at this point, because until the defendant's hypothetical motion is actually filed, the Court cannot determine whether it was diligently pursued. *See Deroo*, 709 F.3d at 1246.

To summarize: the "safe harbor" for the defendant's § 2255 motion is November 7, 2013. If the defendant intends to file a § 2255 motion, the Court suggests in the strongest possible terms that he do so on or before that date.[1]

---

[1] The Court notes, for the defendant's reference, that

> [a] paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that

As explained above, a motion filed after that date *might* nonetheless still be timely (and the Court emphasizes *might*). But the Court cannot make that determination in advance based on incomplete facts. So, the Court must deny the defendant's premature request for an extension of the 1-year period of limitation. But the Court will do so without prejudice: if the defendant files a § 2255 motion after November 7, he must then argue, at his risk, why the Court should extend the 1-year period of limitation.

IT IS ORDERED:

1.     The defendant's motion to extend (filing 91) is denied without prejudice.

Dated this 17th day of October, 2013.

BY THE COURT:

John M. Gerrard
United States District Judge

---

system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Rules Governing Section 2255 Proceedings R. 3(d).